79D01-2504-CT-000083

Tippecanoe Superior Court 1

Filed: 4/22/2025 10:25 AM
Clerk
Tippecanoe County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | SS: | IN THE TIPPECANOE SUPERIOR COURT |
| COUNTY OF TIPPECANOE | | CAUSE NO: |

Franshon Thomas,

    Plaintiff,

v.

SUBARU OF INDIANA AUTOMOTIVE, INC.,

    Defendant.

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Mr. Thomas is suing SUBARU for its violations of the FAMILY & MEDICAL LEAVE ACT. This lawsuit is filed in the Tippecanoe Superior Court because SUBARU's principal office is in Lafayette, Indiana. Mr. Thomas seeks all available relief and respectfully requests a trial by jury.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F   |   (317) 824-9747
Email |   bellis@hkm.com

1. JURISDICTION & VENUE

 1. This Court has original jurisdiction of Mr. Thomas's claims under Ind. Code § 33-29-1.5-2, because "all superior courts have [ ] original and concurrent jurisdiction in all civil cases. . . ."

 2. This Court is a proper venue for this lawsuit, under Ind. T.R. 75(A)(1) because its principal office is in Tippecanoe County.

2. PARTIES

2.1. Plaintiff

 3. Plaintiff Franshon Thomas resides in Tippecanoe County, Indiana.

2.2. Defendant

 4. Defendant SUBARU OF INDIANA AUTOMOTIVE, INC. is domestic for-profit corporation (Business ID No. 198703-670) with its principal office located in Tippecanoe County, Indiana.

3. STATEMENT OF FACTS

 5. Mr. Thomas worked as a Laborer for SUBARU from December 21, 2021 until he was fired on November 11, 2023.

 6. Mr. Thomas suffers from Stage 5 renal failure.

 7. Stage 5 renal failure is a serious health condition.

 8. Mr. Thomas took medical leave beginning on or about September 6, 2022 through October 13, 2022 ("FIRST LEAVE").

 9. During his FIRST LEAVE, Mr. Thomas provided the documents and information requested by LINCOLN FINANCIAL, SUBARU's third party benefits

2

administrator.

10. After Mr. Thomas returned to work in October 2022, SUBARU also requested medical documentation relating to his leave.

11. Mr. Thomas and his physician provided medical documentation to SUBARU.

12. Mr. Thomas took another medical leave from approximately May 1, 2023 through July 22, 2023 ("SECOND LEAVE").

13. During his SECOND LEAVE, Mr. Thomas provided the documents and information requested by LINCOLN FINANCIAL.

14. After his return to work on July 22, 2203, SUBARU repeatedly requested Mr. Thomas to provide medical documents relating to his SECOND LEAVE.

15. Mr. Thomas and his physician provided medical documentation to SUBARU each time he was requested to do so.

16. After returning to work on July 22, 2023, Mr. Thomas was not absent or late to work.

17. After returning to work on July 22, 2023, Mr. Thomas also communicated with LINCOLN FINANCIAL his FMLA eligibility.

18. These communications about Mr. Thomas's FMLA eligibility occurred approximately two or three times per month.

19. In the afternoon on November 11, 2023, a representative from LINCOLN FINANCIAL told Mr. Thomas he had become eligible for FMLA leave beginning that day.

3

20. Later that afternoon, while Mr. Thomas was on his way to work, SUBARU terminated his employment by phone.

21. During that phone call, Mr. Thomas asked why SUBARU was terminating his employment.

22. The person Mr. Thomas spoke with said she did not know the reason for the termination of his employment.

## 4. STATEMENT OF CLAIMS

### 4.1. Interference in violation of the FMLA.

23. Mr. Thomas was entitled to leave under the FMLA.

24. Because Ms. Thomas had previously requested time off for his renal failure and repeatedly inquired about his FMLA eligibility, it was reasonably foreseeable that he would need FMLA-protected leave.

25. SUBARU interfered with Mr. Thomas's FMLA benefits by terminating his employment.

## 5. PRAYER FOR RELIEF

Mr. Thomas respectfully requests that judgment be entered in his favor, and against SUBARU on all claims, for its violations of the FMLA. Mr. Thomas seeks all available relief on his claims, including the following:

a. Back pay;

b. Reinstatement (or front pay);

c. Liquidated damages;

d. Attorney fees and costs;

e. Prejudgment and postjudgment interest.

## 6. JURY DEMAND

As required by Ind. T.R. 38(B), Mr. Thomas respectfully requests a trial by jury on all issues so triable.